[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is being brought by the City of Shelton and its zoning enforcement officer against the defendant alleging that he has permitted or caused to allow ten or more unregistered motor vehicles to remain on defendant's premises and that he continues to conduct a commercial business upon the property known as 54 Ripton Road.
On November 16, 1988 the zoning enforcement officer ordered the defendant to remove all unregistered motor vehicles from said property.
The Shelton Planning and Zoning Commission sent notice to the defendant to correct all such violations on or before December 1, 1988.
It is alleged that to date the defendant has failed or neglected to comply with the orders of the zoning enforcement officer and the planning and zoning commission.
The plaintiffs contend that the existing conditions present a danger to the public health safety and welfare and furthermore constitute a nuisance that is continuous and recurrent.
In their prayer for relief in addition to requesting damages the plaintiffs request an order from the court to abate the condition and direct the removal of the unregistered motor vehicles. Also the plaintiffs request an order from the court directing the defendant to cease and desist all commercial activity at the location. CT Page 3584
The plaintiff in his brief appears to be relying on the provisions of section 14-67g of the Connecticut General Statutes and section 5.9 of the Shelton Zoning Regulations.
Section 14-67g as it is pertinent to this matter reads as follows:
 "`Motor vehicle junk business' or `motor vehicle junkyard' shall include any business and any place of storage or deposit, whether in connection with another business or not, which has stored or deposited two or more unregistered motor vehicles which are no longer intended or in condition for legal use upon the public highway or used parts of motor vehicles or old iron, metal, glass, paper, cordage or other waste or discarded or second hand material which has been a part, of any motor vehicle, the sum of which parts or material shall be equal in bulk to the two or more motor vehicles. . . ."
Section 5.9 of the Shelton Zoning Regulations reads as follows:
 "Junk Yard. The term `junk yard' shall be construed to include any `junk yard', `motor vehicle junk business' and `motor vehicle junk yard' as defined in the General Statutes of the State of Connecticut. The term shall also include any place of storage or deposit, whether in connection with a business or not, for one or more used motor vehicles which are either no longer intended or in condition for legal use on the public highways and shall also include any place of storage or deposit of used parts of motor vehicles and old metals, iron, glass, paper, cordage and other waste materials which on any lot have an aggregate bulk equal to one automobile. In residence districts the town shall also include both the outside storage of unregistered motor vehicles for periods longer than 30 days and the outside storage or deposit of parts or bodies of motor vehicles in such a manner as to be visible from any street or any other lot."
There is evidence before the court of unregistered motor vehicles being upon the premises as well as parts from an automobile. Also evidence was submitted indicating that registration plates had been transferred from one vehicle to CT Page 3585 another. The evidence before the Court however does not particularize the length of time that the various vehicles have been unregistered nor is there sufficient evidence to indicate that the total sum of the parts or material located on the premises were equal in bulk to even one motor vehicle.
While the Court might sympathize with the plaintiff and understand the difficulty they might have in obtaining sufficient evidence to sustain their burden of proof, the plaintiff has nevertheless failed to sustain such burden. Judgment may enter for the defendant.
The Court
CURRAN, J.